# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JAMES E. QUINN,

        Petitioner,       :      Case No. 3:19-cv-074

  - vs -                           District Judge Thomas M. Rose
                                   Magistrate Judge Michael R. Merz

NORMAN ROBINSON, Warden,
  London Correctional Institution

                                   :

        Respondent.

## DECISION AND ORDER GRANTING MOTION TO STAY

This habeas corpus case is before the Court on Petitioner's Motion, filed contemporaneously with the Petition, to stay this case pending exhaustion of the claims now pending on appeal in the Supreme Court of Ohio (ECF No. 2). The Court has independently verified that an appeal is pending before that court in its Case No. 2019-1070. The appeal was taken from a denial by the Second District Court of Appeals of Quinn's assignments of error as to the denial of his most recent motion for new trial by the Common Pleas Court of Clark County. Quinn filed his Memorandum in Support of Jurisdiction February 4, 2099, and the State waived filing a memorandum in response on February 5, 2019. In the ordinary course of the business of that court, a decision may be expected promptly.

District courts have authority to grant stays in habeas corpus cases to permit exhaustion of state court remedies in consideration of the AEDPA's preference for state court initial resolution of claims. However, in recognizing that authority, the Supreme Court held:

1

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Cf. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State"). . . .
>
> On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.

*Rhines v. Weber*, 544 U.S. 269, 277-278 (2005). "Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of federal proceedings. *Id*.

The circumstances of this case come within the scope of *Rhines*. Because of an argument that the AEDPA statute of limitations would have expired within days of Petitioner's actual filing, it was only prudent for him to file his Petition and seek a stay. It is unlikely that stay will last long because the Supreme Court of Ohio rarely grants review and will probably decide on jurisdiction in short order. Of course, if the Supreme Court of Ohio accepts the case, a stay will be even more appropriate.

Accordingly, this case is STAYED pending a decision by the Supreme Court of Ohio on whether to accept jurisdiction and further, if it accepts the case, until it has rendered a decision. Because Respondent has not had an opportunity to be heard on the stay, the Attorney General is invited, should he wish, to file a motion for reconsideration. To that end, the Clerk is ORDERED

to serve the Petition, the Motion to Stay, and this Order on the Attorney General of Ohio. Petitioner is ORDERED to keep this Court currently informed of any action by the Supreme Court of Ohio.

March 13, 2019.

s/ *Michael R. Merz*<br>
United States Magistrate Judge