IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

JAMES E. QUINN,

          Petitioner,      :    Case No. 3:19-cv-074

  - vs -                            District Judge Thomas M. Rose
                                    Magistrate Judge Michael R. Merz

NORMAN ROBINSON, Warden,
  London Correctional Institution

                              :

          Respondent.

## DECISION AND ORDER ON PETITIONER'S MOTION REQUESTING THE RECORD BE COMPLETE

      This case is before the Court on Petitioner's Motion Requesting the Record be Complete (ECF No. 23). Petitioner seeks to have the State Court Record as filed expanded by having the Warden submit to the Court a compact disc containing "law enforcement reports" and another containing "Walmart surveillance video." The existence of these items is confirmed by their inclusion in a Discovery Checklist filed in Petitioner's criminal case, Case No. 13-CR-0869, Common Pleas Court of Clark County, Ohio (copy at State Court Record ECF No. 10-2, PageID 782.)

      Petitioner avers that the law enforcement reports "were used at trial" and are "pertinent to earlier actions and this habeas action," but does not explain why (Motion, ECF No. 23, PageID 1999). As to the Walmart surveillance video, Petitioner avers it was also used at trial and viewed by the Second District Court of Appeals. *Id.*, citing State Court Record, ECF No. 10-1, PageID 585, ¶ 18.

1

In the Petition, Quinn asserts in Ground Four that he was "denied due process, a fair trial, and compulsory process when the State intentionally withheld law enforcement reports and information that were favorable to the defense." (ECF No. 1, PageID 10). In Ground Six, he asserts the State failed to disclose a police report in which "the victim told police at the hospital that she did [npt] know who assaulted her." *Id.* at PageID 13. Both grounds purport to state claims under *Brady v. Maryland*, 373 U.S. 83 (1963). However, if the reports allegedly withheld are on the referenced CD, that would refute Grounds Four and Six, because the CD's were represented as being produced in discovery.

The Second District viewed the Walmart surveillance video, but the inference it drew from the video were favorable to Quinn. *State v. Quinn,* Case No. 2014-CA-95, ¶ 18 (2nd Dist. Jan. 15, 2016).

Rule 5 of the Rules Governing § 2254 Cases requires that a respondent's answer be accompanied by certain transcripts and briefs in the state court case. It does not require filing of the complete state court record. Although the Ohio Attorney General regularly files much more of the state court record than transcripts and briefs, it has not been usual to include evidence admitted in the trial court, much less material referred to in discovery. Evidence not considered by the state court cannot be considered in habeas and so would not be ordered added to the record. *Cullen v. Pinholster*, 563 U.S. 170 (2011).

Accordingly, the Motion to Complete State Record is DENIED without prejudice to its renewal upon a stronger showing that these two compact discs or some portions of them were admitted in evidence and some showing that the Walmart surveillance video, which the Second

2

District found favorable to Quinn, would be supportive of any claims he makes in his Petition.

October 21, 2019.

s/ *Michael R. Merz*<br>United States Magistrate Judge