# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JAMES E. QUINN,

              Petitioner,    :    Case No. 3:19-cv-074

  - vs -                            District Judge Thomas M. Rose
                                 Magistrate Judge Michael R. Merz

NORMAN ROBINSON, Warden,
  London Correctional Institution

                                :

             Respondent.

## DECISION AND ORDER GRANTING SECOND MOTION TO EXPAND THE STATE COUR RECORD

This habeas corpus case is before the Court on Petitioner's Renewed Motion for the production of compact discs (ECF No. 32). Respondent opposes the Motion (ECF No. 33). On the Court's Order, Petitioner has filed a Supplemental Memorandum explaining why the discs should be produced.[1] (ECF No. 35).

Respondent characterizes Petitioner's request as sounding in discovery. At least insofar as the term "discovery" implies obtaining information which a party has never had, the Magistrate Judge disagrees with the characterization. The compact disc with law enforcement reports was already produced to defense counsel under Ohio R. Crim. P. 16 during pre-trial proceedings. Because it shows what was produced in pre-trial discovery, it may be relevant to a claim under *Brady v. Maryland*, 373 U.S. 83 (1963), for failure to produce exculpatory information. It is also

---

[1] Although Petitioner's counsel has referred to "compact discs," the Court is uncertain on what medium the requested information is recorded. This Order uses the "compact disk" label, but it is the recorded information which is to be produced, regardless of the medium on which it is stored.

1

possible that the Court may be able to decide this case without considering that disc, but there is little burden on the State in producing it. Furthermore since it was part of the record made in the state court before the decision of the court of appeals which this Court must review, its consideration does not appear to be barred by *Cullen v. Pinholster*, 563 U.S. 170 (2011). What is true of the compact disc produced in discovery seems even truer of the Walmart surveillance tape since the court of appeals apparently viewed the tape, removing any *Pinholster* objection.

It is certainly true as Respondent points out that this Court rarely sees the actual evidence in a habeas case. It may also be true that the case can be decided without evaluating these two items. But there is no *Pinholster* bar and these materials certainly come within the very broad language of Habeas Rule 7.

Accordingly, Petitioner's Renewed Motion is GRANTED. Respondent shall file the dtwo compact discs with the Court not later than January 6, 2020, and serve copies on Petitiomner's counsel at the time of filing.

December 30, 2019.

s/ *Michael R. Merz*<br>United States Magistrate Judge