# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JAMES E. QUINN,

        Petitioner,    :    Case No. 3:19-cv-074

- vs -                        District Judge Thomas M. Rose
                                        Magistrate Judge Michael R. Merz

NORMAN ROBINSON, Warden,
  London Correctional Institution

                                                    :

        Respondent.

## DECISION AND ORDER OVERRULING OBJECTIONS TO DENIAL OF A STAY

       This habeas corpus case is before the Court on Petitioner's Objections (ECF No. 54) to the Magistrate Judge's Decision and Order denying a stay of these proceedings pending further proceedings in the state courts (ECF No. 49).  Under Fed.R.Civ.P. 72(a) the assigned district judge "must consider timely[1] objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."

       In his Objections, Petitioner's counsel argues strongly that the Springfield Police Department created a false document and then "planted" it in discovery so as to mislead the defense.  Counsel also argues the prosecution committed fraud on the court:

> More importantly, the non-disclosure may be construed as fraud upon the Court. "Disclosing a false document in discovery has been described as the most egregious misconduct constituting fraud upon the court." *Interpreter Services, Inc. v. B.T.B. Technologies, Inc.*, 2011 U.S. Dist. Lexis 149569, 2011 WL 6935343 (December 29,

---

[1] Objections were originally due to be filed by May 8, 2020, but the Magistrate Judge extended the deadline to May 28, 2020, on Petitioner's Motion.

1

> 2011). It is most definitely fraud upon the Court to have a false document in discovery especially while withholding the real document that deals with the same subject.

(Objections, ECF No. 54, PageID 2096).

Quinn asks this Court to stay consideration of his habeas case pending the outcome of state court proceedings which he has not yet initiated. As the Magistrate Judge noted, Quinn has filed two previous motions for a new trial and one prior petition for post-conviction relief, all of which have been denied with the denials affirmed on appeal. It seemed unlikely to the Magistrate Judge that Quinn would be able to satisfy the Common Pleas Court that he now meets the standard for a motion for new trial or a second petition for post-conviction relief. Without that court's being willing to consider these new claims of the Petitioner, a stay would be completely futile. The Magistrate Judge denied the motion for stay without prejudice to its renewal if the Common Pleas Court accepted one of these filings and thereby indicated its willingness consider the merits of Quinn's new claims. Despite that and the passage of more than a month since the Magistrate Judge's decision, Quinn still has not commenced any proceeding in the Common Pleas Court.

The Court finds the Magistrate Judge properly considered the factors required to be weighed by the Supreme Court when it granted district courts authority to stay habeas cases in *Rhines v. Weber*, 544 U.S. 269 (2005). His conclusion that Quinn did not satisfy that standard is neither clearly erroneous nor contrary to law. Quinn's Objections are OVERRULED.

May 29, 2020                                                                     *s/Thomas M. Rose

_____
Thomas M. Rose
United States District Judge