IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

JAMES E. QUINN,

        Petitioner,      :    Case No. 3:19-cv-074

  - vs -                            District Judge Thomas M. Rose
                                      Magistrate Judge Michael R. Merz

NORMAN ROBINSON, Warden,
  London Correctional Institution

                                         :
        Respondent.

## DECISION AND ORDER DENYING REFILED MOTION FOR A STAY AND ABEYANCE

This habeas corpus case is before the Court on Petitioner's Refiled Motion Requesting Stay and Abeyance (ECF No. 60). The Magistrate Judge previously denied a motion for stay "without prejudice to its renewal if the Clark County Common Pleas Court actually grants leave to file a delayed motion for new trial or accepts jurisdiction of a second post-conviction petition. Either of those rulings would indicate a state court willingness to adjudicate Quinn's new claims on the merits, to which this Court would be pleased to defer." (ECF No. 49, PageID 2089). Quinn, who is represented by counsel in this case, filed Objections to the denial of stay (ECF No. 54), but Judge Rose overruled them (ECF No. 55). Judge Rose noted that at the date of his decision (May 29, 2020), Quinn had still not commenced any action in the Common Pleas Court of Clark County. *Id.* at PageID 2100.

Quinn now reports, through counsel, that he is proceeding *pro se* in the Common Pleas Court (ECF No. 60, PageID 2105). He provides no copies of any filings in that court, but reports that he filed six motions on July 20, 2020, which the Clerk of that court docketed as follows:

      Motion for new trial pursuant to Criminal Rule 33(a)(1)(2)(5);

1

> Motion to leave to supplement motion for new trial and postconviction release;
>
> Motion referencing exhibits to show unavoidable prevention;
>
> Motion to clarify that […] are exhibits to be used in all actions;
>
> Defendant's [motion for] relief from judgment pursuant to Civ. R. 60(b)(5) fraud upon the court;
>
> Successive petition for post-conviction relief pursuant to Ohio Revised Code § 2953.23(1)(a)(b)

(Docket Sheet, Clark County Common Pleas Court Case No. 13-cr-869, attached as Exhibit 2 to ECF No. 60, PageID 2115).  As noted above, Quinn has furnished none of the referenced documents, but only the docket sheet that records their filing.  On August 25, 2020, the Clerk docketed an entry purportedly overruling the motion to clarify, the motion for new trial, and the motion for relief from judgment. *Id.*  A copy of the entry has not been provided to this Court.

On the basis of this docket sheet, Quinn asserts through counsel that he has now satisfied the condition this Court placed on a re-filing of a motion to stay in that under Ohio law, a defendant must receive court permission to file a motion for new trial more than 120 days after verdict.  When a court proceeds directly to consider the merits of a delayed new trial motion, the appellate courts will infer that leave to file that motion was implicitly granted. (ECF No. 60, citing *State v. Lanier*, 2010-Ohio-2921 (Ohio App. 2nd Dist. June 25, 2010)).  That is not what *Lanier* holds.  Instead, the *Lanier* court held that denial of a motion for leave to file a delayed motion for new trial does not bring up for appellate review the new trial motion itself.

In any event, Quinn has not shown this Court what the Common Pleas judge decided on August 25, 2020.  Courts of record speak through their journal entries, not through the interpretation of those entries constructed by a docket clerk.  Quinn has not filed a copy of the judge's decision and entry, but only a page from the docket.

2

Much more importantly, obtaining a **denial** of a motion for new trial or a successive petition for post-conviction relief does not satisfy this Court's condition for a renewed motion for stay. As the Court said in denying the prior motion for stay, it would gladly defer to the Common Pleas Court's demonstrated willingness to consider Quinn's claims on the merits. Denial either of a motion for leave to file a delayed motion for new trial or the delayed motion itself, even if technically a decision on the "merits," does not show the state courts are prepared to give reasoned consideration to Quinn's claims. The Refiled Motion for Stay is therefore DENIED.

The Magistrate Judge notes that Petitioner's traverse or reply was initially due to be filed August 21, 2019, more than fourteen months ago (ECF No. 15). Since that time Petitioner has filed eight motions for extension of time to file a reply, extending more than fifteen months. Petitioner's present time to file a reply expires December 1, 2020. Any motion to extend that time further will be denied in the absence of the very strongest of justifications.

November 5, 2020.

s/ *Michael R. Merz*<br>United States Magistrate Judge