# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JAMES E. QUINN,

        Petitioner,     :     Case No. 3:19-cv-074

- vs -     District Judge Thomas M. Rose
    Magistrate Judge Michael R. Merz

NORMAN ROBINSON, Warden,
  London Correctional Institution

        :

        Respondent.

## SECOND ORDER TO FILE CORRECTED TRAVERSE

On December 9, 2020, the Court entered an Order to File Corrected Traverse (ECF No. 66), requiring Petitioner to re-file his Traverse and use the pinpoint citation method prescribed in S. D. Ohio Civ. R. 7.2(b)(5) which provides:

> (5) **Pinpoint Citations.** Except for Social Security cases, which must comply with S.D. Ohio Civ. R. 8.1(d), a**ll filings in this Court that reference a prior filing must** provide pinpoint citations to the PageID number in the prior filing being referenced, along with a brief title and the docket number (ECF No. \_\_\_ or Doc. No. \_\_\_) of the document referenced.

The Magistrate Judge explained that strict compliance with this Rule is necessary because the Court's electronic filing system (prescribed by the judicial Conference of the United States) cannot insert hyperlinks to the record unless the Rule is followed. *Id.* at PageID 2210-11. The Order quoted a non-conforming portion of the original Traverse:

> (Tr. DOC#10-5, PAGEID#1487.) The State Appellate Court questioned the alleged victim's credibility. They stated, "We agree that the credibility of the victim was at issue...." (CAO DOC#10,

1

> PAGEID#217.) Furthermore, the record reflects Ms. Quinn lied to the police (DOC#10-5, PAGEID#1608-10, 1674), and lied under oath. (DOC#10-5, PAGEID#1604-1605, 1685.)

*Id.* at PageID 2211, quoting ECF No. 64, PageID 2143.

In response to the Court's Order, Petitioner's counsel has filed a Corrected Traverse (ECF No. 70). Unfortunately, the Corrected Traverse still does not comply with the Rule. For example, the following excerpt is taken from the Corrected Traverse:

> (Trial Transcript, DOC#10-5, PAGEID #1570, 1571.) Ms. Quinn also states Samantha was driving, and that Quinn could not have been driving due to his intoxication. (Trial Transcript, DOC#10-5, PAGEID#l606, 1607.)
>
> The Respondent claims that Beverley said she had been struck in the face, but "no charges were filed at this time." (Trial Transcript, DOC#10-5, PAGEID#1498.)

(ECF No. 70, PageID 2227). In the Order for Corrected Traverse, the Magistrate Judge explained that "While the human reader can easily translate "DOC#10-5, PAGEID#1487" to Doc. No. 10-5 or ECF No. 10-5, PageID 1487, the computer cannot do so and therefore cannot insert the hyperlink." The prediction in the Order for Corrected Traverse has unfortunately proven true: Petitioner did not use the required form and the CM/ECF program has therefore not inserted the required hyperlinks to the record.

Because the Traverse is more than eighty pages long and Petitioner's arguments are fact-intensive, the Court must insist on compliance with the Rule. That is, every pinpoint citation must be in **precisely** the form ECF No. ___, PageID ___ or Doc. No. ___, PageID ___. The symbol # may not be used as a substitute for the abbreviation "No."

Accordingly, it is again ORDERED that Petitioner file, not later than January 15, 2021, a corrected traverse which includes pinpoint record citations in the form required by S. D. Ohio Civ. R. 7.2(b)(5).

The Return of Writ in this case was filed July 25, 2019.  Petitioner was given repeated extensions of time to file a traverse and has now filed two versions which do not comply with the Local Rules.  Any further traverse which is filed without compliance with those rules will be stricken and the Court will proceed to decide the case without benefit of a traverse/reply.

December 29, 2020.

s/ *Michael R. Merz*
United States Magistrate Judge
