# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JAMES E. QUINN,

           Petitioner,      :     Case No. 3:19-cv-074

   - vs -                        District Judge Thomas M. Rose
                                        Magistrate Judge Michael R. Merz

NORMAN ROBINSON, Warden,
  London Correctional Institution

                                             :

           Respondent.

## DISMISSAL ORDER

This habeas corpus case, brought by Petitioner James Quinn with the assistance of counsel, is before the Court on Petitioner's Motion to Dismiss Habeas Corpus Petition Without Prejudice (ECF No. 73). Petitioner represents that he has a number of claims relating to his conviction that are pending before the Ohio Second District Court of Appeals and "[o]nce these claims are exhausted in the state courts, the habeas petition will be refiled immediately." *Id.* at PageID 2386.

Because there is no contrary provision in the Rules Governing § 2254 Cases ("Habeas Rules"), the Court applies the Federal Rules of Civil Procedure. Habeas Rule 12. The relevant rule is Fed.R.Civ.P. 41(a) which permits dismissal without prejudice by stipulation or before an answer is filed. Neither of those provisions applies here, so Petitioner must obtain leave of court. Fed.R.Civ.P. 41(a)(2).

Although involuntary dismissals are reserved to District Judges, motions for voluntary dismissal are within the decisional authority of Magistrate Judges in the first instance. 28 U.S.C. § 636(b)(1)(A).

1

Whether dismissal should be granted under the authority of Rule 41(a)(2) is within the sound discretion of the district court. *Grover by Grover v. Eli Lilly & Co.,* 33 F.3d 716, 718 (6th Cir. 1994), citing, *Banque de Depots v. National Bank of Detroit*, 491 F.2d 753, 757 (6th Cir. 1974). The primary purpose of the rule in interposing the requirement of court approval is to protect the nonmovant from unfair treatment. *Id.* citing *Ikospentakis v. Thalassic S.S. Agency*, 915 F.2d 176, 177 (5th Cir. 1990). Generally, an abuse of discretion is found only where the defendant would suffer "plain legal prejudice" as a result of a dismissal without prejudice, as opposed to facing the mere prospect of a second lawsuit. *Id.* citing *Cone v. West Virginia Pulp & Paper Co.*, 330 U.S. 212, 217 (1947).

The Court finds Respondent will suffer no prejudice from dismissal without prejudice. Respondent, as representative of the State of Ohio, will continue to have the benefit of the criminal judgment against Petitioner until or unless this Court or another court vacates the conviction.  The Attorney General has assembled and filed the state court record and will only need to duplicate it electronically and refile it in any new case.

In granting voluntary dismissal without prejudice, the Court should not be understood as endorsing any presumed legal effect posited by Petitioner other than terminating the present litigation.  Any new petition will have to be assessed as it stands when filed.

Accordingly, Petitioner's Motion to Dismiss Without Prejudice is GRANTED.  The Clerk will enter judgment to that effect.

February 4, 2021.

s/ *Michael R. Merz*
United States Magistrate Judge